**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **KARINA ELIETH GONZALEZ-SANCHEZ** | **CIVIL ACTION NO. 26-2878** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN RICHWOOD CORRECTIONAL CENTER, ET AL.** | **MAG. JUDGE CAROL B. WHITEHURST** |

**REPORT AND RECOMMENDATION**

Petitioner Karina Elieth Gonzalez-Sanchez, a former detainee in the custody of the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241.[1] For reasons below, the Court should dismiss her petition as moot.

A petitioner "must separately satisfy the case-or-controversy requirement of Article III, Section 2 of the Constitution." *Herndon v. Upton*, 2021 WL 116535, at *2 (5th Cir. Jan. 13, 2021) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Jurisdiction is constrained to adjudicating "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "In order to maintain jurisdiction, the court must have before it an actual case or controversy at all stages

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

of the judicial proceedings." *U.S. v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks and citation omitted).

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). A claim is moot when a petitioner achieves the precise relief she requested. *See New York State Rifle & Pistol Ass'n, Inc. v. City of New York, New York*, 140 S. Ct. 1525, 1526 (2020). Courts are "obliged to raise the subject of mootness sua sponte." *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

Here, Petitioner sought release from custody (i.e., habeas corpus). Petitioner was released from custody.[2] As she is no longer subject to the detention she challenged, her Petition is moot. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) ("Because Bailey was released . . . this court can no longer provide him with that relief."); *Herndon*, 2021 WL 116535, at *2 ("Herndon's release mooted her § 2241 petition, notwithstanding her continued supervision, because there was no longer a live case or controversy for which any relief could be granted. Herndon had already received the sole relief sought in her petition: release from

[2] EMAIL FROM ASSISTANT UNITED STATES ATTORNEY VETERS, JR., TO COURT (October 2, 2026).

confinement."); *Nyabwa v. Dep't of Homeland Sec. Immigration & Customs Enf't Field Office Dir.*, 537 F. App'x 451 (5th Cir. 2013).

For the reasons above, **IT IS RECOMMENDED** that Petitioner Karina Elieth Gonzalez-Sanchez's petition be **DISMISSED WITHOUT PREJUDICE AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana, this 5th day of October, 2026.

Carol B. Whitehurst
United States Magistrate Judge